ORIGINAL

Rea 075088
FILED
MAY  8 2013
U.S. COURT OF
FEDERAL CLAIMS

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| Bernis Alford, Jr., | ) |
| Arial Mauldin Properties, LLC, | ) |
| Ida Bagwell, | ) |
| Daniel and LaDonna Burden, | ) |
| Juanita Campbell, | ) |
| Robert S. and Ashley M. Capps, | ) |
| Kem J. and Dora A. Carlson, | ) |
| Samuel Chapman, | ) No. **13-324 L** |
| Janie Lucille Chastain, | ) |
| Cullen C. Collins, by Betty McDonald as personal representative, | ) |
| Don S. and Annette Craig, | ) |
| James D. and Linda D. Durham, | ) |
| Sharon O. Durham, | ) |
| Gary and Elaine Ellis, | ) |
| Stanley Craig Ellison, | ) |
| Ben E. Ferguson and David E. Ward, | ) |
| Amanda J. Finley, | ) |
| John Wayne and Linda Finley, | ) |
| David T. Galloway, | ) |
| Roger and Ann Gwinn, | ) |

Diane Hutton,                                          )
                                                       )
Joy Limited Properties, LLC,                           )
                                                       )
JR Builders, Inc. of Pickens,                          )
                                                       )
Clara R. Ledford,                                      )
                                                       )
Wendy Lindsay, f/k/a Wendy Black,                      )
                                                       )
Ben H. Martin, Jr. and Samiel J. Martin,               )
                                                       )
Delores D. Mauldin                                     )
on behalf of Clyde W. Mauldin,                         )
                                                       )
Arthur Lee Moore, Jr., as Trustee of the Trust         )
created under the Last Will and Testament              )
of Ann M. Moore,                                       )
                                                       )
George Donald Moore,                                   )
                                                       )
George Donald Moore, Arthur L. Moore,                  )
and Fannie Reese,                                      )
                                                       )
Paul Mullinax,                                         )
                                                       )
Johnnie L. and Betty Newton,                           )
                                                       )
J.L. Nix,                                              )
                                                       )
Oliver Services, Inc.,                                 )
                                                       )
Nancy R. Owens on behalf of herself,                   )
Sara M. Revis, Harold M. Aiken,                        )
and W. Daniel Aiken,                                   )
                                                       )
Douglas and Peggy Pace,                                )
                                                       )
James Petrillo,                                        )
                                                       )
James and Paula Raines,                                )
                                                       )
Kenneth Roach,                                         )
                                                       )
Jerry and Debbie Robinson,                             )
                                                       )

2

Billy J. Simpson,                                    )
                                                     )
Charles H. and Laurie A. Sowell,                     )
                                                     )
Jack Eugene Stein,                                   )
                                                     )
Anthony Edward Stewart,                              )
                                                     )
Iain Stewart,                                        )
                                                     )
Sherry H. Stewart,                                   )
                                                     )
Janie Frances Welborn,                               )
                                                     )
Corinne Williams, Coker O'Brien Watson,              )
and Maria Watson Penagos,                            )
                                                     )
Judi Williams on behalf of                           )
Joseph C. and Judi Williams,                         )
                                                     )
Ella Mae Wise,                                       )
                                                     )
Richard Woody,                                       )
                                                     )
For Themselves and As Representatives of             )
A Class of Similarly Situated Persons                )
                                                     )
                    Plaintiffs,                      )
                                                     )
            vs.                                      )
                                                     )
THE UNITED STATES OF AMERICA,                        )
                                                     )
                    Defendant.                       )

## CLASS ACTION COMPLAINT

Pursuant to Rule of the Court of Federal Claims ("RCFC") 3, Plaintiffs state the

following in support of their Class Action Complaint:

## SUMMARY OF THIS CASE

Plaintiffs are the fee owners of property in Pickens County, South Carolina. In the late 1800s, the Pickens Railroad Company acquired an easement for the operation of a railroad across an approximately 8.5-mile long corridor between Easley and Pickens, South Carolina. Pickens Railway Company eventually acquired the railroad corridor and was the last railroad to operate along this corridor.

This railroad easement was granted for the operation of a railroad and not for any other purpose. Under the terms of the relevant easement instruments and under South Carolina law, once the Pickens Railroad Company ceased operating a railroad across the right-of-way, the railroad easement was abandoned and Plaintiffs as fee owners regained their right to the exclusive use and physical possession of their property.

Section 8 (d) of the 1983 amendments to the National Trails System Act, 16 U.S.C. § 1247(d) ("Trails Act"), provides the issuance of a Notice of Interim Trail Use ("NITU") by the Surface Transportation Board ("STB") forestalls Plaintiff property owners' "reversionary"[1] property rights and allows Plaintiffs' property to be transferred to a trail user notwithstanding whatever "reversionary" interest Plaintiffs have to their property under South Carolina law.

The STB issued a NITU affecting this abandoned railroad right-of-way on October 26, 2012. Pursuant to the Trails Act and this NITU, Pickens Railway Company entered into negotiations with the Cities of Easley and Pickens for acquisition of an easement for a public-

---

[1] Plaintiff uses the term "reversionary" because such term was used in the generic sense by the Federal Circuit in *Barclay v. United States*, 443 F.3d 1368 (2006), consolidated on appeal with *Renewal Body Works*. Technically this is not a "reversion" of the property. Rather Plaintiff and its predecessors-in-title always held fee title to the property. Its fee title had been burdened by an easement for operation of a railroad. Upon the railroad's abandonment of this easement, Plaintiff's fee became "unburdened" by this easement. To the extent that "reversionary" is used in this pleading it is used in the generic sense.

4

access recreational trail to be located on the abandoned railroad corridor. Under the terms of the original railroad easement and under South Carolina law, South Carolina does not own or possess any right to grant the Cities of Easley and Pickens an easement across Plaintiffs' land.

The appropriation of a new easement for an interim public recreational trail and the creation of a new easement for a future railroad corridor across Plaintiffs' property is a taking of Plaintiffs' property for which the Fifth Amendment to the Constitution requires that the United States pay "just compensation" to Plaintiff property owners.

This action presents the claims by these United States citizens pursuant to the Fifth Amendment and the Tucker Act 28 U.S.C. § 1491 (a)(1). Plaintiffs seek "just compensation" for the value of their property taken from them by the federal government through operation of the Trails Act. The "just compensation" they seek includes compensation for the delay between the date their property was taken (or made subject to the Trails Act) and when the federal government ultimately pays them compensation.

Plaintiffs also ask that the federal government pay their attorney fees and expenses incurred in bringing this action pursuant to the Uniform Relocation Assistance and Real Property Acquisition Policies Act, 42 U.S.C. § 4654 (c).

## JURISDICTION

1.     This court has jurisdiction pursuant to 28 U.S.C. § 1491(a)(1) ("Tucker Act"), in that this action presents a claim against the United States which is founded upon the Constitution and statutes of the United States.

## STATUTES AND CONSTITUTIONAL PROVISIONS

2.     Plaintiffs' claims are governed by the following statute and constitutional provision:

(a)     The Fifth Amendment to the United States Constitution which provides, "No person shall be . . . deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation."

(b)     National Trails System Act Amendments of 1983, 16 U.S.C. § 1247(d) ("Trails Act").

(c)     The Tucker Act, 28 U.S.C. § 1491(a) ("Tucker Act") which provides in relevant part, "The United States Court of Federal Claims shall have jurisdiction to render judgment on any claim against the United States founded upon the Constitution."

(d)     The Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, 42 U.S.C. § 4654(c) (2000) provides that just compensation includes, "reasonable costs, disbursements and expenses, including reasonable attorney, appraisal and engineering fees, actually incurred because of [the] proceeding."

## STATEMENT OF FACTS APPLICABLE TO ALL COUNTS

3.     The rail line at issue is the former Pickens Railroad Company ("Pickens Railroad") line extending 8.5 miles between milepost 0.0 (at or near Pickens, South Carolina) and milepost 8.5 (at or near Easley, South Carolina) ("the right-of-way").

4.      The Pickens Railroad was originally charted in 1890 by Act No. 494.  (A copy of this Act is attached as "Exhibit 1.")

5.      Pickens Railway Company ("Pickens Railway") eventually acquired the right-of-way.  (*See* Notice of Interim Trail Use or Abandonment ("NITU"), Docket No. AB 1097X, a copy of which is attached as "Exhibit 2").

6.      In September of 2012, the Pickens Railway filed its request to abandon the right-of-way.  (*See* Abandonment Exemption, Docket No. 1097X, a copy of which is attached as "Exhibit 3").

7.      Shortly thereafter, the City of Easley, South Carolina and the City of Pickens, South Carolina filed their joint request for trail use of the right-of-way.  (*See* Trail Use Request, Docket No. 1097X, a copy of which is attached as "Exhibit 4").

8.      On October 12, 2012, Junius R. Smith, a private citizen, filedcomments on behalf of 115 property owners who live along and near the subject right-of-way.  (*See* Landowners' Reply, Docket No. 1097X, a copy of which is attached as "Exhibit 5").  Mr. Smith voiced the landowners' overwhelming and strong opposition to the conversion of the line into a trail, as evidenced by the exhibits to the NITU:

> Mr. Smith states that the conversion of the line into a trail would have detrimental impact on the quality of life of adjacent property owners, who have reversionary property rights.  In particular, Mr. Smith asserts that the conversion to a trail would harm the tranquility and welfare of the property owners by subjecting them to noise and inconvenience resulting from trail use and that Pickens did not properly inform property owners of the proposed abandonment and the proposed conversion to interim trail use.  He also raises concerns about possible chemical contamination along the ROW due to leakage and spills of lubricants and fuels during past rail operations and from the application of herbicides, and about various alleged road closures that would result from the abandonment.

(*See* NITU, Exhibit 2, at 1-2).

7

9.      But, the STB noted that "The Board's role under the Trails Act is largely ministerial … and the trail use program is voluntary and consensual between the railroad and the trail user.  … The Board has no involvement in the negotiations between the railroad and the potential trail sponsor and does not approve or set the terms of trail use/rail banking agreements." (*See* NITU, Exhibit 2, p. 2-3).

10.     On October 26, 2012, the STB issued the NITU, which authorized the Pickens Railway Company to negotiate trail use with the Cities of Easley and Pickens.

11.     The Cities of Easley and Pickens have not been authorized by the state of South Carolina (or any other state) or by the federal Surface Transportation Board to operate a railroad.

12.     The National Trails System Act Amendments of 1983, 16 U.S.C. § 1247(d) ("Trails Act"), provides, "in the case of interim use of any established railroad rights-of-way pursuant to donation, transfer, lease, sale, or otherwise in a manner consistent with this chapter, if such interim use is subject to restoration or reconstruction for railroad purposes, such interim use shall not be treated, for purposes of any law or rule of law, as an abandonment of the use of such rights-of-way for railroad purposes."

13.     But for operation of the Trails Act, Plaintiffs would have the exclusive right to physical ownership, possession, and use of their property free of any easement for recreational trail use or future railroad use.

14.     The United States Supreme Court in *Preseault v. United States*, 494 U.S. 1 (1990) (*Preseault I*), held that Congress possessed the constitutional authority to enact the Trails Act and to take Plaintiffs' property for conversion to a public-access recreational trail and preservation of a railroad easement for a possible future railroad corridor.

LDR/411631.1

15.     However, the Supreme Court in *Preseault I* and the Federal Circuit sitting *en banc* in *Preseault v. United States*, 100 F.3d 1525 (Fed. Cir. 1996) (*Preseault II*), held that the Fifth Amendment to the United States Constitution requires the United States to pay the property owners for the value of that property taken by operation of Section 8(d) of the Trails Act.

16.     To wit, Justice O'Connor wrote in *Preseault I*:

[The Trails Act] provides that interim trail use "shall not be treated, for any purposes of any law or rule of law, as an abandonment of the use of such rights-of-way for railroad purposes." This language gives rise to a takings question in the typical rails-to-trails case because many railroads do not own their rights-of-way outright but rather hold them under easements or similar property interests. While the terms of these easements and applicable state law vary, frequently the easements provide that the property reverts to the abutting landowner upon abandonment of rail operations. State law generally governs the disposition of reversionary interests. By deeming interim trail use to be like discontinuance rather than abandonment, Congress prevents property interests from reverting under state law.

*Preseault I*, 494 U.S. at 8.

17.     The U.S. Court of Appeals for the Federal Circuit in *Preseault II*, held:

We conclude that the taking that resulted from the establishment of the recreational trail is properly laid at the doorstep of the Federal Government…In the case before us there was a similar physical entry upon the private lands of the [property owners], acting under the Federal Government's authority pursuant to the ICC's [now STB's] Order. That it was for a valued public use is not the issue. We have here a straightforward taking of private property for a public use for which just compensation must be paid.

*Preseault II*, 100 F.3d at 1551.

18.     Recently, the Federal Circuit in *Ellamae Phillips Co. v. United States*, 564 F.3d 1367 (Fed. Cir. 2009), held that determination of whether the federal government is required to pay compensation for a Trails Act taking requires this Court to answer the following three questions:

(1) [W]ho owns the strip of land involved, specifically, whether the railroad acquired only an easement or obtained a fee simple estate;

(2) [I]f the railroad acquired only an easement, were the terms of the easement limited to use for railroad purposes, or did they include future use as a public recreational trail (scope of the easement); and

(3) [E]ven if the grant of the railroad's easement was broad enough to encompass a recreational trail, had this easement terminated prior to the alleged taking so that the property owner at the time held a fee simple unencumbered by the easement (abandonment of the easement).

19.    The property over which the abandoned Pickens Railway right-of-way is located is valuable property.

20.    Creating a public-access recreational trail across Plaintiffs' property and appropriating a new easement for possible future railroad use has taken from Plaintiffs the value of the land physically appropriated for this trail corridor and greatly diminished the value of Plaintiffs' property adjoining this trail corridor.

21.    The value of the property interests taken from Plaintiffs is substantial.

22.    The Federal Circuit in *Caldwell v. United States*, 391 F.3d 1226 (Fed. Cir. 2004), and *Barclay v. United States*, 443 F.3d 1368 (2006), held that claims for compensation arise upon the date that the Surface Transportation Board issued the NITU.  Specifically, Judge Dyk of the Federal Circuit wrote:

The taking, if any, when a railroad right-of-way is converted to interim trail use under the Trails Act occurs when state law reversionary property interests that would otherwise vest in the adjacent landowners are blocked from so vesting. Abandonment is suspended and the reversionary interest is blocked "when the railroad and trail operator communicate to the STB their intention to negotiate a trail use agreement and the agency issues an NITU that operates to preclude abandonment under section 8(d)" of the Trails Act.  We concluded that "[t]he issuance of the NITU is the only government action in the rail banking process that operates to prevent abandonment of the corridor and to preclude the vesting of state law reversionary interests in the right of way."  Thus, a Trails Act taking begins and a takings claim accrues, if at all, on issuance of the NITU.

*Barclay v. United States*, 443 F.3d 1368 (2006) (Judge Dyk citing his own prior decision in *Caldwell* as authority).

23.     The United States Constitution requires the federal government to pay "just compensation" to all those property owners holding fee title to property that was subject to the NITU.

24.     This compensation is due from the federal government, not Pickens County or the state of South Carolina. *See Preseault, II*, 100 F.3d at 1531("Finally, we conclude that the taking that resulted from the establishment of the recreational trail is properly laid at the doorstep of the Federal Government").

**THE PARTIES**

Bernis and Darlene Alford, Jr.

25.     Bernis and Darlene Alford, Jr. is a citizen of the United States and the State of South Carolina.

26.     Mr. and Mrs. Alford acquired property in Pickens County on November 15, 2002 by that deed recorded in the Pickens County Recorder of Deeds' Office in Book 706, Page 272 (the "Alford Property"). (A copy of this deed is attached as "Exhibit 6.")

27.     The Alford Property abuts and underlies the former Pickens Railway line, which is now subject to an easement for an interim public-access trail and possible future railroad reactivation.

28.     Mr. and Mrs. Alford owned their property on October 26, 2012. (A copy of the Pickens County tax receipts for 2011 and 2012 are attached as "Exhibit 7.")

29.     The Alford property is identified by the Pickens County Assessors' Office as parcel numbers 5101-17-11-1430 and 5101-17-11-1537. (A copy of the Assessors' Parcel

Records for this property are attached as "Exhibit 8" and a copy of the Assessors' Parcel Maps are attached as "Exhibit 9.")

Arial Mauldin Properties, LLC

30.     Arial Mauldin Properties, LLC ("Arial Mauldin") acquired property in Pickens County on July 11, 2007 by that deed recorded in the Pickens County Recorder of Deeds' Office in Book 1114, Page 89 (the "Arial Mauldin Property").   (A copy of this deed is attached as "Exhibit 10.")

31.     The Arial Mauldin Property abuts and underlies the former Pickens Railway line, which is now subject to an easement for an interim public-access trail and possible future railroad reactivation.

32.     Arial Mauldin owned this property on October 26, 2012.  (A copy of the Pickens County tax receipts for 2011 and 2012 are attached as "Exhibit 11.")

33.     The Arial Mauldin property is identified by the Pickens County Assessors' Office as parcel number 5019-05-27-1752.  (A copy of the Assessors' Parcel Records for this property is attached as "Exhibit 12" and a copy of the Assessors' Parcel Map is attached as "Exhibit 13.")

Ida Bagwell

34.     Ida Bagwell is a citizen of the United States and the State of South Carolina.

35.     Ms. Bagwell acquired property in Pickens County on February 19, 2004 by that deed recorded in the Pickens County Recorder of Deeds' Office in Book 798, Page 60 (the "Bagwell Property").  (A copy of this deed is attached as "Exhibit 14.")

36.     The Bagwell Property abuts and underlies the former Pickens Railway line, which is now subject to an easement for an interim public-access trail and possible future railroad reactivation.

37.     Ms. Bagwell owned this property on October 26, 2012. (A copy of the Pickens County tax receipts for 2011 and 2012 are attached as "Exhibit 15.")

38.     The Bagwell property is identified by the Pickens County Assessors' Office as parcel number 4191-10-36-9111. (A copy of the Assessors' Parcel Records for this property is attached as "Exhibit 16" and a copy of the Assessors' Parcel Map is attached as "Exhibit 17.")

Daniel and LaDonna Burden

39.     Daniel and LaDonna Burden are citizens of the United States and the State of South Carolina.

40.     Mr. and Mrs. Burden acquired property in Pickens County on February 3, 2010 by that deed recorded in the Pickens County Recorder of Deeds' Office in Book 1303, Page 301 (the "Burden Property"). (A copy of this deed is attached as "Exhibit 18.")

41.     The Burden Property abuts and underlies the former Pickens Railway line, which is now subject to an easement for an interim public-access trail and possible future railroad reactivation.

42.     Mr. and Mrs. Burden owned this property on October 26, 2012. (A copy of the Pickens County tax receipts for 2011 and 2012 are attached as "Exhibit 19.")

43.     The Burden property is identified by the Pickens County Assessors' Office as parcel number 4191-10-46-3264. (A copy of the Assessors' Parcel Records for this property is attached as "Exhibit 20" and a copy of the Assessors' Parcel Map is attached as "Exhibit 21.")

Juanita Campbell

44.     Juanita Campbell is a citizen of the United States and the State of South Carolina.

45.     Ms. Campbell acquired property in Pickens County on September 19, 1983 by that deed recorded in the Pickens County Recorder of Deeds' Office in Book 146, Page 925 (the "Campbell Property"). (A copy of this deed is attached as "Exhibit 22.")

46.     The Property abuts and underlies the former Pickens Railway line, which is now subject to an easement for an interim public-access trail and possible future railroad reactivation.

47.     Ms. Campbell owned this property on October 26, 2012. (A copy of the Pickens County tax receipts for 2011 and 2012 are attached as "Exhibit 23.")

48.     The Campbell property is identified by the Pickens County Assessors' Office as parcel number 5101-09-05-4406. (A copy of the Assessors' Parcel Records for this property is attached as "Exhibit 24" and a copy of the Assessors' Parcel Map is attached as "Exhibit 25.")

Robert S. and Ashley M. Capps

49.     Robert S. Capps and Ashley M. Capps are citizens of the United States and the State of South Carolina.

50.     Mr. and Mrs. Capps acquired property in Pickens County on May 9, 2003 by that deed recorded in the Pickens County Recorder of Deeds' Office in Book 740, Page 162 (the "Capps Property"). (A copy of this deed is attached as "Exhibit 26.") Mr. and Mrs. Capps also acquired property in Pickens County on June 26, 2012 by that deed recorded in the Pickens County Recorder of Deeds' Office in Book 1463, Page 324 (included as part of the "Capps Property"). (A copy of this deed is attached as "Exhibit 27.")

51.     The Capps Property abuts and underlies the former Pickens Railway line, which is now subject to an easement for an interim public-access trail and possible future railroad reactivation.

LDR/411631.1

52.    Mr and Mrs. Capps owned this property on October 26, 2012.  (A copy of the Pickens County tax receipts for 2011 and 2012 are attached as "Exhibit 28.")  (At the time of filing, the 5019-05-18-1031 property had not yet been billed its property taxes.)

53.    The Capps property is identified by the Pickens County Assessors' Office as parcel numbers 5019-05-17-2879 and 5019-05-18-1031.  (A copy of the Assessors' Parcel Records for this property is attached as "Exhibit 29" and a copy of the Assessors' Parcel Maps is attached as "Exhibit 30.")

Kem J. and Dora A. Carlson

54.    Kem J. Carlson and Dora A. Carlson are citizens of the United States and the State of South Carolina.

55.    Mr. and Mrs. Carlson acquired property in Pickens County on May 8, 2012 by that deed recorded in the Pickens County Recorder of Deeds' Office in Book 1453, Page 261 (the "Carlson Property").  (A copy of this deed is attached as "Exhibit 31.")

56.    The Carlson Property abuts and underlies the former Pickens Railway line, which is now subject to an easement for an interim public-access trail and possible future railroad reactivation.

57.    Mr. and Mrs. Carlson owned this property on October 26, 2012.  (A copy of the Pickens County tax receipts for 2011 and 2012 are attached as "Exhibit 32.")

58.    The Carlson property is identified by the Pickens County Assessors' Office as parcel number 5009-07-59-2893.  (A copy of the Assessors' Parcel Records for this property is attached as "Exhibit 33" and a copy of the Assessors' Parcel Map is attached as "Exhibit 34.")

Samuel Chapman

59.    Samuel Chapman is a citizen of the United States and the State of South Carolina.

60.     Mr. Chapman acquired property in Pickens County on December 2, 1963 by that deed recorded in the Pickens County Recorder of Deeds' Office in Book 10L, Page 277 (the "Chapman Property"). (A copy of this deed is attached as "Exhibit 35.") Mr. Chapman also acquired property in Pickens County on March 22, 1971 by that deed recorded in the Pickens County Recorder of Deeds' Office in Book 12I, Page 88 (also included as part of the "Chapman Property"). (A copy of this deed is attached as "Exhibit 36.")

61.     The Chapman Property abuts and underlies the former Pickens Railway line, which is now subject to an easement for an interim public-access trail and possible future railroad reactivation.

62.     Mr. Chapman owned this property on October 26, 2012. (A copy of the Pickens County tax receipts for 2011 and 2012 are attached as "Exhibit 37.")

63.     The Chapman property is identified by the Pickens County Assessors' Office as parcel numbers 5100-05-19-7059 and 5100-05-19-7635. (A copy of the Assessors' Parcel Records for this property are attached as "Exhibit 38" and a copy of the Assessors' Parcel Maps are attached as "Exhibit 39.")

Janie Lucille Chastain

64.     Janie Lucille Chastain is a citizen of the United States and the State of South Carolina.

65.     Ms. Chastain acquired property in Pickens County on May 29, 1956 by that deed recorded in the Pickens County Recorder of Deeds' Office in Book F, Page 462 (the "Chastain Property"). (A copy of this deed is attached as "Exhibit 40.") Ms. Chastain also acquired property in Pickens County on August 26, 1963 by that deed recorded in the Pickens County

LDR/411631.1

Recorder of Deeds' Office in Book G, Page 14 (included as part of the "Chastain Property"). (A copy of this deed is attached as "Exhibit 41.")

66.     The Chastain Property abuts and underlies the former Pickens Railway line, which is now subject to an easement for an interim public-access trail and possible future railroad reactivation.

67.     Ms. Chastain owned this property on October 26, 2012. (A copy of the Pickens County tax receipts for 2011 and 2012 are attached as "Exhibit 42.")

68.     The Chastain property is identified by the Pickens County Assessors' Office as parcel numbers 4191-11-56-4253, 4191-11-56-5255, and 4191-11-56-6277. (A copy of the Assessors' Parcel Records for this property is attached as "Exhibit 43" and a copy of the Assessors' Parcel Maps is attached as "Exhibit 44.")

Cullen C. Collins, by Betty McDonald as personal representative

69.     Cullen C. Collins was a citizen of the United States and the State of South Carolina.

70.     Mr. Collins acquired property in Pickens County on September 18, 2006 by that deed recorded in the Pickens County Recorder of Deeds' Office in Book 1037, Page 158 (the "Collins Property"). (A copy of this deed is attached as "Exhibit 45.")

71.     The Collins Property abuts and underlies the former Pickens Railway line, which is now subject to an easement for an interim public-access trail and possible future railroad reactivation.

72.     Mr. Collins owned this property on October 26, 2012. (A copy of the Pickens County tax receipts for 2011 and 2012 are attached as "Exhibit 46.")

73.   Mr. Collins passed away on November 7, 2012, and his daughter, Betty McDonald is making this claim as the personal representative of his estate.

74.   The Collins property is identified by the Pickens County Assessors' Office as parcel number 4191-12-86-6538.  (A copy of the Assessors' Parcel Records for this property is attached as "Exhibit 47" and a copy of the Assessors' Parcel Map is attached as "Exhibit 48.")

Don S. and Annette Craig

75.   Don S. and Annette Craig are citizens of the United States and the State of South Carolina.

76.   Mr. and Mrs. Craig acquired property in Pickens County on June 21, 1988 by that deed recorded in the Pickens County Recorder of Deeds' Office in Book 40, Page 202 (the "Craig Property").  (A copy of this deed is attached as "Exhibit 49.")  Mr. and Mrs. Craig also acquired property on April 27, 2012 by that deed recorded in the Pickens County Recorder of Deeds' Office in Book 1451, Page 188 (this is included as part of the "Craig Property").  (A copy of this deed is attached as "Exhibit 50.")

77.   The Craig Property abuts and underlies the former Pickens Railway line, which is now subject to an easement for an interim public-access trail and possible future railroad reactivation.

78.   Mr. and Mrs. Craig owned this property on October 26, 2012.  (A copy of the Pickens County tax receipts for 2011 and 2012 for the 5009-08-98-3071 property are attached as "Exhibit 51.")  (As of the time of this filing, the 5009-08-98-5114 property had not yet been billed its 2012 property tax bills.)

79.   The Craig property is identified by the Pickens County Assessors' Office as parcel numbers 5009-08-98-3071 and 5009-08-98-5114.  (A copy of the Assessors' Parcel

18

Records for this property is attached as "Exhibit 52" and a copy of the Assessors' Parcel Map is attached as "Exhibit 53.")

James D. and Linda D. Durham

80.     James D. and Linda D. Durham are citizens of the United States and the State of South Carolina.

81.     Mr. and Mrs. Durham acquired property in Pickens County on March 19, 2012 by that deed recorded in the Pickens County Recorder of Deeds' Office in Book 1444, Page 165 (the "J.L. Durham Property"). (A copy of this deed is attached as "Exhibit 54").

82.     Mrs. Durham also acquired property in Pickens County on September 27, 1990 by that deed recorded in the Pickens County Recorder of Deeds' Office in Book 112, Page 143 (the L. Durham Property"). (A copy of this deed is attached as "Exhibit 55.")

83.     The J.L. Durham and L. Durham Properties abut and underlie the former Pickens Railway line, which is now subject to an easement for an interim public-access trail and possible future railroad reactivation.

84.     Mr. and Mrs. Durham owned the J.L. Durham property on October 26, 2012. (A copy of the Pickens County tax receipts for 2011 and 2012 are attached as "Exhibit 56.") Mrs. Durham owned the L. Durham property on October 26, 2012. (A copy of the Pickens County tax receipts for 2011 and 2012 are attached as "Exhibit 57.")

85.     The J.L. Durham property is identified by the Pickens County Assessors' Office as parcel number 5101-17-00-8262 and the L. Durham property is identified by the Pickens County Assessors' Office as parcel number 5101-17-00-8082. (A copy of the Assessors' Parcel Records for these properties is attached as "Exhibit 58" and a copy of the Assessors' Parcel Maps is attached as "Exhibit 59.")

Sharon O. Durham

86.     Sharon O. Durham is a citizen of the United States and the State of South Carolina.

87.     Ms. Durham acquired property in Pickens County on March 13, 1990 by that deed recorded in the Pickens County Recorder of Deeds' Office in Book 92, Page 311 (the "S. Durham Property"). (A copy of this deed is attached as "Exhibit 60.")

88.     The S. Durham Property abuts and underlies the former Pickens Railway line, which is now subject to an easement for an interim public-access trail and possible future railroad reactivation.

89.     Ms. Durham owned this property on October 26, 2012. (A copy of the Pickens County tax receipts for 2011 and 2012 are attached as "Exhibit 61.")

90.     The S. Durham property is identified by the Pickens County Assessors' Office as parcel number 4191-13-04-4401. (A copy of the Assessors' Parcel Records for this property is attached as "Exhibit 62" and a copy of the Assessors' Parcel Map is attached as "Exhibit 63.")

Gary and Elaine Ellis

91.     Gary and Elaine Ellis are citizens of the United States and the State of South Carolina.

92.     Mr. and Mrs. Ellis acquired property in Pickens County on March 27, 1989 by that deed recorded in the Pickens County Recorder of Deeds' Office in Book 61, Page 51 (the "Ellis Property"). (A copy of this deed is attached as "Exhibit 64.")

93.     The Ellis Property abuts and underlies the former Pickens Railway line, which is now subject to an easement for an interim public-access trail and possible future railroad reactivation.

LDR/411631.1

94.     Mr. and Mrs. Ellis owned this property on October 26, 2012.  (A copy of the Pickens County tax receipts for 2011 and 2012 are attached as "Exhibit 65.")

95.     The Ellis property is identified by the Pickens County Assessors' Office as parcel number 4191-13-04-5628.  (A copy of the Assessors' Parcel Records for this property is attached as "Exhibit 66" and a copy of the Assessors' Parcel Map is attached as "Exhibit 67.")

Stanley Craig Ellison

96.     Stanley Craig Ellison is a citizen of the United States and the State of South Carolina.

97.     Mr. Ellison acquired property in Pickens County on November 7, 1995 by that deed recorded in the Pickens County Recorder of Deeds' Office in Book 301, Page 64 (the "Ellison Property").  (A copy of this deed is attached as "Exhibit 68.")

98.     The Ellison Property abuts and underlies the former Pickens Railway line, which is now subject to an easement for an interim public-access trail and possible future railroad reactivation.

99.     Mr. Eillison owned this property on October 26, 2012.  (A copy of the Pickens County tax receipts for 2011 and 2012 are attached as "Exhibit 69.")

100.    The Ellison property is identified by the Pickens County Assessors' Office as parcel number 5009-08-98-6448.  (A copy of the Assessors' Parcel Records for this property is attached as "Exhibit 70" and a copy of the Assessors' Parcel Map is attached as "Exhibit 71.")

Ben E. Ferguson and David E. Ward

101.    Ben E. Ferguson and David E. Ward are citizens of the United States and the State of South Carolina.

102.    Mr. Ferguson acquired property in Pickens County on July 31, 2002 by that deed recorded in the Pickens County Recorder of Deeds' Office in Book 699, Page 162 (the "Ferguson-Ward Property") (a copy of this deed is attached as "Exhibit 72").  On February 13, 2004, Mr. Ferguson conveyed a one-half undivided interest in the Ferguson-Ward Property to Mr. Ward by the deed recorded in the Pickens County Recorder of Deeds' Office in Book 794, Page 38 (a copy of this deed is attached as "Exhibit 73").

103.    The Ferguson-Ward Property abuts and underlies the former Pickens Railway line, which is now subject to an easement for an interim public-access trail and possible future railroad reactivation.

104.    Mr. Ferguson and Mr. Ward owned this property on October 26, 2012.  (A copy of the Pickens County tax receipts for 2011 and 2012 are attached as "Exhibit 74.")

105.    The Ferguson-Ward property is identified by the Pickens County Assessors' Office as parcel number 4191-09-15-6824.  (A copy of the Assessors' Parcel Records for this property is attached as "Exhibit 75" and a copy of the Assessors' Parcel Map is attached as "Exhibit 76.")

Amanda J. Finley

106.    Amanda J. Finley is a citizen of the United States and the State of South Carolina.

107.    Ms. Finley acquired property in Pickens County on March 30, 2010 by that deed recorded in the Pickens County Recorder of Deeds' Office in Book 1310, Page 275 (the "A. Finley Property").  (A copy of this deed is attached as "Exhibit 77.")

108.    The A. Finley Property abuts and underlies the former Pickens Railway line, which is now subject to an easement for an interim public-access trail and possible future railroad reactivation.

22

109.   Ms. Finley owned this property on October 26, 2012.  (A copy of the Pickens County tax receipts for 2011 and 2012 are attached as "Exhibit 78.")

110.   The A. Finley property is identified by the Pickens County Assessors' Office as parcel number 5009-07-59-5168.  (A copy of the Assessors' Parcel Records for this property is attached as "Exhibit 79" and a copy of the Assessors' Parcel Map is attached as "Exhibit 80.")

John Wayne and Linda Finley

111.   John Wayne and Linda Finley are citizens of the United States and the State of South Carolina.

112.   Mr. and Mrs. Finley acquired property in Pickens County on October 13, 1980 by that deed recorded in the Pickens County Recorder of Deeds' Office in Book 13-V, Page 922 (the "J.L. Finley Property").  (A copy of this deed is attached as "Exhibit 81.")

113.   The J.L. Finley Property abuts and underlies the former Pickens Railway line, which is now subject to an easement for an interim public-access trail and possible future railroad reactivation.

114.   Mr. and Mrs. Finley owned this property on October 26, 2012.  (A copy of the Pickens County tax receipts for 2011 and 2012 are attached as "Exhibit 82.")

115.   The J.L. Finley property is identified by the Pickens County Assessors' Office as parcel numbers 5009-07-59-9031 and 5009-07-58-9998.  (A copy of the Assessors' Parcel Records for this property is attached as "Exhibit 83" and a copy of the Assessors' Parcel Maps is attached as "Exhibit 84.")

David T. Galloway

116.   David T. Galloway is a citizen of the United States and the State of South Carolina.

117.    Mr. Galloway acquired property in Pickens County on November 21, 2007 by that deed recorded in the Pickens County Recorder of Deeds' Office in Book 1153, Page 51 (the "Galloway Property"). (A copy of this deed is attached as "Exhibit 85.")

118.    The Galloway Property abuts and underlies the former Pickens Railway line, which is now subject to an easement for an interim public-access trail and possible future railroad reactivation.

119.    Mr. Galloway owned this property on October 26, 2012. (A copy of the Pickens County tax receipts for 2011 and 2012 are attached as "Exhibit 86.")

120.    The Galloway property is identified by the Pickens County Assessors' Office as parcel number 5100-10-37-4421. (A copy of the Assessors' Parcel Records for this property is attached as "Exhibit 87" and a copy of the Assessors' Parcel Map is attached as "Exhibit 88.")

Roger and Ann Gwinn

121.    Roger and Ann Gwinn are citizens of the United States and the State of South Carolina.

122.    Mr. and Mrs. Gwinn acquired property in Pickens County on July 25, 1996 by that deed recorded in the Pickens County Recorder of Deeds' Office in Book 333, Page 147 (the "Gwinn Property"). (A copy of this deed is attached as "Exhibit 89.")

123.    The Gwinn Property abuts and underlies the former Pickens Railway line, which is now subject to an easement for an interim public-access trail and possible future railroad reactivation.

124.    Mr. and Mrs. Gwinn owned this property on October 26, 2012. (A copy of the Pickens County tax receipts for 2011 and 2012 are attached as "Exhibit 90.")

125.   The Gwinn property is identified by the Pickens County Assessors' Office as parcel number 5100-05-19-2935.  (A copy of the Assessors' Parcel Records for this property is attached as "Exhibit 91" and a copy of the Assessors' Parcel Map is attached as "Exhibit 92.")

Diane Hutton

126.   Diane Hutton is a citizen of the United States and the State of South Carolina.

127.   Mrs. Hutton acquired property in Pickens County on April 25, 1996 by that deed recorded in the Pickens County Recorder of Deeds' Office in Book 320, Page 180 (the "Hutton Property").  (A copy of this deed is attached as "Exhibit 93.")

128.   The Hutton Property abuts and underlies the former Pickens Railway line, which is now subject to an easement for an interim public-access trail and possible future railroad reactivation.

129.   Mrs. Hutton owned this property on October 26, 2012.  (A copy of the Pickens County tax receipts for 2011 and 2012 are attached as "Exhibit 94.")

130.   The Hutton property is identified by the Pickens County Assessors' Office as parcel number 4191-13-14-3904.  (A copy of the Assessors' Parcel Records for this property is attached as "Exhibit 95" and a copy of the Assessors' Parcel Map is attached as "Exhibit 96.")

Joy Limited Properties, LLC

131.   Joy Limited Properties, LLC ("Joy") acquired property in Pickens County on July 11, 2007 by that deed recorded in the Pickens County Recorder of Deeds' Office in Book 1114, Page 99 (the "Joy Property").  (A copy of this deed is attached as "Exhibit 97.")

132.   The Joy Property abuts and underlies the former Pickens Railway line, which is now subject to an easement for an interim public-access trail and possible future railroad reactivation.

LDR/411631.1

133.   Joy owned this property on October 26, 2012.  (A copy of the Pickens County tax receipts for 2011 and 2012 are attached as "Exhibit 98.")

134.   The Joy property is identified by the Pickens County Assessors' Office as parcel number 5019-05-17-4713.  (A copy of the Assessors' Parcel Records for this property is attached as "Exhibit 99" and a copy of the Assessors' Parcel Map is attached as "Exhibit 100.")

JR Builders, Inc. of Pickens

135.   JR Builders, Inc. of Pickens ("JR Builders") acquired property in Pickens County on March 2, 2012 by that deed recorded in the Pickens County Recorder of Deeds' Office in Book 1440, Page 326 (the "JR Builders Property").  (A copy of this deed is attached as "Exhibit 101.")

136.   The JR Builders Property abuts and underlies the former Pickens Railway line, which is now subject to an easement for an interim public-access trail and possible future railroad reactivation.

137.   JR Builders owned this property on October 26, 2012.  (A copy of the Pickens County tax receipts for 2011 and 2012 are attached as "Exhibit 102.")  (Note, Diane H. Hutton is the representative for JR Builders and thus she paid the property taxes.)

138.   The JR Builders property is identified by the Pickens County Assessors' Office as parcel number 4191-13-14-5927.  (A copy of the Assessors' Parcel Records for this property is attached as "Exhibit 103" and a copy of the Assessors' Parcel Map is attached as "Exhibit 104.")

Clara R. Ledford

139.   Clara R. Ledford is a citizen of the United States and the State of South Carolina.

26

140.    Ms. Ledford acquired property in Pickens County on September 3, 2008 by that deed recorded in the Pickens County Recorder of Deeds' Office in Book 1208, Page 245 (the "Ledford Property"). (A copy of this deed is attached as "Exhibit 105.")

141.    The Ledford Property abuts and underlies the former Pickens Railway line, which is now subject to an easement for an interim public-access trail and possible future railroad reactivation.

142.    Ms. Ledford owned this property on October 26, 2012. (A copy of the Pickens County tax receipts for 2011 and 2012 are attached as "Exhibit 106.")

143.    The Ledford property is identified by the Pickens County Assessors' Office as parcel number 5100-18-41-8233. (A copy of the Assessors' Parcel Records for this property is attached as "Exhibit 107" and a copy of the Assessors' Parcel Map is attached as "Exhibit 108.")

Wendy Lindsay, f/k/a Wendy Black

144.    Wendy Lindsay is a citizen of the United States and the State of South Carolina.

145.    Mrs. Lindsay acquired property in Pickens County on July 19, 2001 by that deed recorded in the Pickens County Recorder of Deeds' Office in Book 923, Page 179 (the "Lindsay/Black Property"). (A copy of this deed is attached as "Exhibit 109.")

146.    The Lindsay/Black Property abuts and underlies the former Pickens Railway line, which is now subject to an easement for an interim public-access trail and possible future railroad reactivation.

147.    Mrs. Lindsay owned this property on October 26, 2012. (A copy of the Pickens County tax receipts for 2011 and 2012 are attached as "Exhibit 110.")

148.    The Lindsay/Black property is identified by the Pickens County Assessors' Office as parcel number 5009-08-98-3470. (A copy of the Assessors' Parcel Records for this property

is attached as "Exhibit 111" and a copy of the Assessors' Parcel Map is attached as "Exhibit 112.")

Ben H. Martin, Jr. and Samiel J. Martin

149.  Ben and Samiel Martin are citizens of the United States and the State of South Carolina.

150.  Ben and Samiel Martin acquired property in Pickens County on March 25, 2011 by that deed recorded in the Pickens County Recorder of Deeds' Office in Book 1377, Page 120 (the "Martin Property").  (A copy of this deed is attached as "Exhibit 113.")  The Martins also acquired property in Pickens County on August 10, 1965 by that deed recorded in the Pickens County Recorder of Deeds' Office in Book 10V, Page 140 (included as part of the "Martin Property").  (A copy of this deed is attached as "Exhibit 114.")  The Martins also acquired property in Pickens County on February 25, 2009 by that deed recorded in the Pickens County Recorder of Deeds' Office in Book 1240, Page 147 (included as part of the "Martin Property"). (A copy of this deed is attached as "Exhibit 115.")

151.  The Property abuts and underlies the former Pickens Railway line, which is now subject to an easement for an interim public-access trail and possible future railroad reactivation.

152.  Ben and Samiel Martin owned this property on October 26, 2012.  (A copy of the Pickens County tax receipts for 2011 and 2012 are attached as "Exhibit 116.")

153.  The Martin property is identified by the Pickens County Assessors' Office as parcel numbers 5019-10-36-5701, 5019-10-36-4924, and 5019-10-36-4722.  (A copy of the Assessors' Parcel Records for this property is attached as "Exhibit 117" and a copy of the Assessors' Parcel Maps is attached as "Exhibit 118.")

LDR/411631.1

Delores D. Mauldin on behalf of Clyde W. Mauldin

154.    Delores D. Mauldin is a citizen of the United States and the State of South Carolina.

155.    Mrs. Mauldin married Clyde W. Mauldin on July 28, 1955.

156.    Mr. Mauldin acquired property in Pickens County on April 11, 1966 by that deed recorded in the Pickens County Recorder of Deeds' Office (the "Mauldin Property"). (A copy of this deed is attached as "Exhibit 119.")

157.    The Mauldin Property abuts and underlies the former Pickens Railway line, which is now subject to an easement for an interim public-access trail and possible future railroad reactivation.

158.    Mr. Mauldin passed away on September 21, 1985. Under South Carolina law, Mrs. Mauldin, as the wife of Mr. Mauldin, acquired the Mauldin Property.

159.    Mrs. Mauldin owned this property on October 26, 2012. (A copy of the Pickens County tax receipts for 2011 and 2012 are attached as "Exhibit 120.")

160.    The Mauldin property is identified by the Pickens County Assessors' Office as parcel number 4191-11-66-3214. (A copy of the Assessors' Parcel Records for this property is attached as "Exhibit 121" and a copy of the Assessors' Parcel Map is attached as "Exhibit 122.")

Arthur Lee Moore, Jr., as Trustee of the Trust created under the Last Will and Testament of Ann M. Moore

161.    Arthur Lee Moore, Jr., as Trustee of the Trust created under the Last Will and Testament of Ann M. Moore ("A.L. Moore") acquired property in Pickens County on February 21, 2011 by that deed recorded in the Pickens County Recorder of Deeds' Office in Book 1371, Page 215 (the "A.L. Moore Property"). (A copy of this deed is attached as "Exhibit 123.")

162.    The A.L. Moore Property abuts and underlies the former Pickens Railway line, which is now subject to an easement for an interim public-access trail and possible future railroad reactivation.

163.    Mr. A.L. Moore owned this property on October 26, 2012.  (A copy of the Pickens County tax receipts for 2012 are attached as "Exhibit 124.")

164.    The A.L. Moore property is identified by the Pickens County Assessors' Office as parcel number 4191-11-66-2551.  (A copy of the Assessors' Parcel Records for this property is attached as "Exhibit 125" and a copy of the Assessors' Parcel Map is attached as "Exhibit 126.")

George Donald Moore

165.    George Donald Moore is a citizen of the United States and the State of South Carolina.

166.    Mr. Moore acquired property in Pickens County on September 10, 1975 by that deed recorded in the Pickens County Recorder of Deeds' Office in Book 12-z, Page 52 (the "G. Moore Property").  (A copy of this deed is attached as "Exhibit 127.")

167.    The G. Moore Property abuts and underlies the former Pickens Railway line, which is now subject to an easement for an interim public-access trail and possible future railroad reactivation.

168.    Mr. Moore owned this property on October 26, 2012.  (A copy of the Pickens County tax receipts for 2011 and 2012 are attached as "Exhibit 128.")

169.    The G. Moore property is identified by the Pickens County Assessors' Office as parcel number 4191-11-56-8468.  (A copy of the Assessors' Parcel Records for this property is attached as "Exhibit 129" and a copy of the Assessors' Parcel Map is attached as "Exhibit 130.")

George Donald Moore, Arthur L. Moore, and Fannie Reese

170.   George Donald Moore, Arthur L. Moore, and Fannie M. Reese (the "Moore Family") acquired property in Pickens County on January 6, 1966 by that deed recorded in the Pickens County Recorder of Deeds' Office in Book 10X, Page 86 (the "G.A.F. Moore Property"). (A copy of this deed is attached as "Exhibit 131.")

171.   The G.A.F. Property abuts and underlies the former Pickens Railway line, which is now subject to an easement for an interim public-access trail and possible future railroad reactivation.

172.   The Moore Family owned this property on October 26, 2012. (A copy of the Pickens County tax receipts for 2012 is attached as "Exhibit 132.")

173.   The G.A.F. property is identified by the Pickens County Assessors' Office as parcel number 4191-11-66-6542. (A copy of the Assessors' Parcel Records for this property is attached as "Exhibit 133" and a copy of the Assessors' Parcel Map is attached as "Exhibit 134.")

Paul Mullinax

174.   Paul Mullinax is a citizen of the United States and the State of South Carolina.

175.   Mr. Mullinax acquired property in Pickens County on December 7, 2009 by that deed recorded in the Pickens County Recorder of Deeds' Office in Book 1290, Page 266 (the "Mullinax Property"). (A copy of this deed is attached as "Exhibit 135.")

176.   The Mullinax Property abuts and underlies the former Pickens Railway line, which is now subject to an easement for an interim public-access trail and possible future railroad reactivation.

177.   Mr. Mullinax owned this property on October 26, 2012. (A copy of the Pickens County tax receipts for 2011 and 2012 are attached as "Exhibit 136.")

LDR/411631.1

178.    The Mullinax property is identified by the Pickens County Assessors' Office as parcel number 5019-10-26-8708.  (A copy of the Assessors' Parcel Records for this property is attached as "Exhibit 137" and a copy of the Assessors' Parcel Map is attached as "Exhibit 138.")

Johnnie L. and Betty Newton

179.    Johnnie L. and Betty Newton are citizens of the United States and the State of South Carolina.

180.    Mr. and Mrs. Newton acquired property in Pickens County on November 20, 1990 by that deed recorded in the Pickens County Recorder of Deeds' Office in Book 117, Page 191 (the "J.B. Newton Property").  (A copy of this deed is attached as "Exhibit 139.")

181.    Mr. Newton also acquired property in Pickens County on April 19, 1988 by that deed recorded in the Pickens County Recorder of Deeds' Office in Book 34, Page 182 (the "J. Newton Property").  (A copy of this deed is attached as "Exhibit 140.")

182.    The J.B. Newton and J. Newton Properties abut and underlie the former Pickens Railway line, which is now subject to an easement for an interim public-access trail and possible future railroad reactivation.

183.    Mr. and Mrs. Newton owned the J.B. Newton Property on October 26, 2012.  (A copy of the Pickens County tax receipts for 2011 and 2012 are attached as "Exhibit 141.")  Mr. Newton owned the J. Newton Property on October 26, 2012.  (A copy of the Pickens County tax receipts for 2011 and 2012 are attached as "Exhibit 142.")

184.    The J.B. Newton Property is identified by the Pickens County Assessors' Office as parcel number 5101-17-01-6976 and the J. Newton Property is identified by the Pickens County Assessors' Office as parcel numbers 4191-16-92-5612, 5101-13-03-2242, and 5101-13-

02-9874. (A copy of the Assessors' Parcel Records for these properties is attached as "Exhibit 143" and a copy of the Assessors' Parcel Maps is attached as "Exhibit 144.")

J.L. Nix

185.    J. L. Nix is a citizen of the United States and the State of South Carolina.

186.    Mr. Nix acquired property in Pickens County on February 26, 1990 by that deed recorded in the Pickens County Recorder of Deeds' Office in Book 91, Page 328 (the "Nix Property"). (A copy of this deed is attached as "Exhibit 145.")

187.    The Nix Property abuts and underlies the former Pickens Railway line, which is now subject to an easement for an interim public-access trail and possible future railroad reactivation.

188.    Mr. Nix owned this property on October 26, 2012.  (A copy of the Pickens County tax receipts for 2011 and 2012 are attached as "Exhibit 146.")

189.    The Nix property is identified by the Pickens County Assessors' Office as parcel number 5019-05-08-4244. (A copy of the Assessors' Parcel Records for this property is attached as "Exhibit 147" and a copy of the Assessors' Parcel Map is attached as "Exhibit 148.")

Oliver Services, Inc.

190.    Oliver Services, Inc. acquired property in Pickens County on October 25, 1994 by that deed recorded in the Pickens County Recorder of Deeds' Office in Book 259, Page 68 (the "Oliver Services Property"). (A copy of this deed is attached as "Exhibit 149.")

191.    The Oliver Services Property abuts and underlies the former Pickens Railway line, which is now subject to an easement for an interim public-access trail and possible future railroad reactivation.

LDR/411631.1

192.    Oliver Services owned this property on October 26, 2012.  (A copy of the Pickens County tax receipts for 2011 and 2012 are attached as "Exhibit 150.")  (The property was previously identified by parcel number 5009-08-98-7095.)

193.    The Oliver Services property is identified by the Pickens County Assessors' Office as parcel number 5009-08-98-8086.  (A copy of the Assessors' Parcel Records for this property is attached as "Exhibit 151" and a copy of the Assessors' Parcel Map is attached as "Exhibit 152.")

Nancy R. Owens on behalf of herself, Sara M. Revis, Harold M. Aiken, and W. Daniel Aiken

194.    Nancy R. Owens is a citizen of the United States and the State of South Carolina.

195.    Ms. Owens, Sara M. Revis, Harold M. Aiken, and W. Daniel Aiken ("Ms. Owens, et al.") acquired property in Pickens County on August 22, 2011 by that deed recorded in the Pickens County Recorder of Deeds' Office in Book 632, Page 315 (the "Owens, et al. Property").  (A copy of this deed is attached as "Exhibit 153.")

196.    The Owens, et al. Property abuts and underlies the former Pickens Railway line, which is now subject to an easement for an interim public-access trail and possible future railroad reactivation.

197.    Ms. Owens, et al. owned this property on October 26, 2012.  (A copy of the Pickens County tax receipts for 2011 and 2012 are attached as "Exhibit 154.")

198.    The Owens, et al. property is identified by the Pickens County Assessors' Office as parcel number 5019-05-08-9232.  (A copy of the Assessors' Parcel Records for this property is attached as "Exhibit 155" and a copy of the Assessors' Parcel Map is attached as "Exhibit 156.")

LDR/411631.1

Douglas and Peggy Pace

199.  Douglas and Peggy Pace are citizens of the United States and the State of South Carolina.

200.  Mr. Pace acquired property in Pickens County on December 21, 1989 by that deed recorded in the Pickens County Recorder of Deeds' Office in Book 87, Page 131 (the "Pace Property").  (A copy of this deed is attached as "Exhibit 157.")  On September 20, 2002, Mr. Pace conveyed one-half interest in the Pace Property to his wife, Peggy Pace by that deed recorded in the Pickens County Recorder of Deeds' Office in Book 699, Page 191.  (A copy of this deed is attached as "Exhibit 158.")

201.  The Pace Property abuts and underlies the former Pickens Railway line, which is now subject to an easement for an interim public-access trail and possible future railroad reactivation.

202.  Mr. and Mrs. Pace owned this property on October 26, 2012.  (A copy of the Pickens County tax receipts for 2011 and 2012 are attached as "Exhibit 159.")

203.  The Pace property is identified by the Pickens County Assessors' Office as parcel number 5100-00-38-3183.  (A copy of the Assessors' Parcel Records for this property is attached as "Exhibit 160" and a copy of the Assessors' Parcel Map is attached as "Exhibit 161.")

James Petrillo

204.  James Petrillo is a citizen of the United States and the State of South Carolina.

205.  Mr. Petrillo acquired property in Pickens County on February 16, 1994 by that deed recorded in the Pickens County Recorder of Deeds' Office in Book 230, Page 222 (the "Petrillo Property").  (A copy of this deed is attached as "Exhibit 162-A".)

206.    The Petrillo Property abuts and underlies the former Pickens Railway line, which is now subject to an easement for an interim public-access trail and possible future railroad reactivation.

207.    Mr. Petrillo owned this property on October 26, 2012.  (A copy of the Pickens County tax receipts is attached as "Exhibit 162.")

208.    The Petrillo Property is identified by the Pickens County Assessors' Office as parcel numbers 5019-10-37-1042 and 5019-10-37-0000.  (A copy of the Assessors' Parcel Records for this property is attached as "Exhibit 163" and a copy of the Assessors' Parcel Maps is attached as "Exhibit 164.")

James and Paula Raines

209.    James and Paula Raines are citizens of the United States and the State of South Carolina.

210.    Mr. Raines acquired property in Pickens County on January 12, 1973 by that deed recorded in the Pickens County Recorder of Deeds' Office in Book 12-P, Page 131 (the "Raines Property").  (A copy of this deed is attached as "Exhibit 165.")

211.    On December 30, 1997, Mr. Raines conveyed one-half of his interest in the Raines Property to his wife, Paula Raines by that deed recorded in the Pickens County Recorder of Deeds' Office in Book 408, Page 200.  (A copy of this deed is attached as "Exhibit 166.")

212.    The Raines Property abuts and underlies the former Pickens Railway line, which is now subject to an easement for an interim public-access trail and possible future railroad reactivation.

213.    Mr. and Mrs. Raines owned this property on October 26, 2012.  (A copy of the Pickens County tax receipts for 2011 and 2012 are attached as "Exhibit 167.")

214.   The Raines property is identified by the Pickens County Assessors' Office as parcel number 5019-10-27-8071. (A copy of the Assessors' Parcel Records for this property is attached as "Exhibit 168" and a copy of the Assessors' Parcel Map is attached as "Exhibit 169.")

Kenneth Roach

215.   Kenneth Roach is a citizen of the United States and the State of South Carolina.

216.   Mr. Roach acquired property in Pickens County on July 21, 1975 by that deed recorded in the Pickens County Recorder of Deeds' Office in Book 12-Y, Page 659 (the "Roach Property"). (A copy of this deed is attached as "Exhibit 170.")

217.   The Roach Property abuts and underlies the former Pickens Railway line, which is now subject to an easement for an interim public-access trail and possible future railroad reactivation.

218.   Mr. Roach owned this property on October 26, 2012. (A copy of the Pickens County tax receipts for 2011 and 2012 are attached as "Exhibit 171.")

219.   The Roach property is identified by the Pickens County Assessors' Office as parcel number 5100-05-19-3482. (A copy of the Assessors' Parcel Records for this property is attached as "Exhibit 172" and a copy of the Assessors' Parcel Map is attached as "Exhibit 173.")

Jerry and Debbie Robinson

220.   Jerry and Debbie Robinson are citizens of the United States and the State of South Carolina.

221.   Mr. and Mrs. Robinson acquired property in Pickens County on December 29, 2006 by that deed recorded in the Pickens County Recorder of Deeds' Office in Book 1063, Page 14 (the "Robinson Property"). (A copy of this deed is attached as "Exhibit 174.")

LDR/411631.1

222.   The Robinson Property abuts and underlies the former Pickens Railway line, which is now subject to an easement for an interim public-access trail and possible future railroad reactivation.

223.   Mr. and Mrs. Robinson owned this property on October 26, 2012.  (A copy of the Pickens County tax receipts for 2011 and 2012 are attached as "Exhibit 175.")

224.   The Robinson property is identified by the Pickens County Assessors' Office as parcel number 4191-13-14-7976.  (A copy of the Assessors' Parcel Records for this property is attached as "Exhibit 176" and a copy of the Assessors' Parcel Map is attached as "Exhibit 177.")

Billy J. Simpson

225.   Billy J. Simpson is a citizen of the United States and the State of South Carolina.

226.   Mr. Simpson acquired property in Pickens County on August 13, 1971 by that deed recorded in the Pickens County Recorder of Deeds' Office in  Book 12-K, Page 270 (the "Simpson Property").  (A copy of this deed is attached as "Exhibit 178.")

227.   The Simpson Property abuts and underlies the former Pickens Railway line, which is now subject to an easement for an interim public-access trail and possible future railroad reactivation.

228.   Mr. Simpson owned this property on October 26, 2012.  (A copy of the Pickens County tax receipts for 2011 and 2012 are attached as "Exhibit 179.")

229.   The Simpson property is identified by the Pickens County Assessors' Office as parcel number 5101-13-03-5359.  (A copy of the Assessors' Parcel Records for this property is attached as "Exhibit 180" and a copy of the Assessors' Parcel Map is attached as "Exhibit 181.")

<u>Charles H. and Laurie A. Sowell</u>

230.   Charles H. and Laurie A. Sowell are citizens of the United States and the State of South Carolina.

231.   Mr. and Mrs. Sowell acquired property in Pickens County on March 24, 2000 by that deed recorded in the Pickens County Recorder of Deeds' Office in Book 536, Page 346 (the "Sowell Property"). (A copy of this deed is attached as "Exhibit 182.")

232.   The Sowell Property abuts and underlies the former Pickens Railway line, which is now subject to an easement for an interim public-access trail and possible future railroad reactivation.

233.   Mr. and Mrs. Sowell owned this property on October 26, 2012. (A copy of the Pickens County tax receipts for 2011 and 2012 are attached as "Exhibit 183.")

234.   The Sowell property is identified by the Pickens County Assessors' Office as parcel number 5101-13-04-6166. (A copy of the Assessors' Parcel Records for this property is attached as "Exhibit 184" and a copy of the Assessors' Parcel Map is attached as "Exhibit 185.")

<u>Jack Eugene Stein</u>

235.   Jack Eugene Stein is a citizen of the United States and the State of South Carolina.

236.   Mr. Stein acquired property in Pickens County on June 20, 2007 by that deed recorded in the Pickens County Recorder of Deeds' Office in Book 1108, Page 201 (the "Stein Property"). (A copy of this deed is attached as "Exhibit 186.")

237.   The Stein Property abuts and underlies the former Pickens Railway line, which is now subject to an easement for an interim public-access trail and possible future railroad reactivation.

238.   Mr. Stein owned this property on October 26, 2012.

239.   The Stein property is identified by the Pickens County Assessors' Office as parcel number 5019-09-17-6328. (A copy of the Assessors' Parcel Records for this property is attached as "Exhibit 187" and a copy of the Assessors' Parcel Map is attached as "Exhibit 188.")

Anthony Edward Stewart

240.   Anthony Edward Stewart is a citizen of the United States and the State of South Carolina.

241.   Mr. Stewart acquired property in Pickens County by that deed recorded in the Pickens County Recorder of Deeds' Office on October 22, 1990 in Book 114, Page 218 (the "A. Stewart Property"). (A copy of this deed is attached as "Exhibit 189.")

242.   The A. Stewart Property abuts and underlies the former Pickens Railway line, which is now subject to an easement for an interim public-access trail and possible future railroad reactivation.

243.   Mr. Stewart owned this property on October 26, 2012. (A copy of the Pickens County tax receipts for 2011 and 2012 are attached as "Exhibit 190.")

244.   The A. Stewart property is identified by the Pickens County Assessors' Office as parcel number 5100-18-41-8140. (A copy of the Assessors' Parcel Records for this property is attached as "Exhibit 191" and a copy of the Assessors' Parcel Map is attached as "Exhibit 192.")

Iain Stewart

245.   Iain Stewart is a citizen of the United States and the State of South Carolina.

246.   Mr. Stewart acquired property in Pickens County on September 21, 2005 by that deed recorded in the Pickens County Recorder of Deeds' Office in Book 941, Page 263 (the "Iain Stewart Property"). (A copy of this deed is attached as "Exhibit 193.")

247.   The Iain Stewart Property abuts and underlies the former Pickens Railway line, which is now subject to an easement for an interim public-access trail and possible future railroad reactivation.

248.   Mr. Stewart owned this property on October 26, 2012.  (A copy of the Pickens County tax receipts for 2011 and 2012 are attached as "Exhibit 194.")

249.   The Iain Stewart property is identified by the Pickens County Assessors' Office as parcel number 4191-13-04-0262.  (A copy of the Assessors' Parcel Records for this property is attached as "Exhibit 195" and a copy of the Assessors' Parcel Map is attached as "Exhibit 196.")

Sherry H. Stewart

250.   Sherry H. Stewart is a citizen of the United States and the State of South Carolina.

251.   Ms. Stewart acquired property in Pickens County on September 24, 2008 by that deed recorded in the Pickens County Recorder of Deeds' Office in Book 1213, Page 338 (the "Stewart Property").  (A copy of this deed is attached as "Exhibit 197.")

252.   The Stewart Property abuts and underlies the former Pickens Railway line, which is now subject to an easement for an interim public-access trail and possible future railroad reactivation.

253.   Ms. Stewart owned this property on October 26, 2012.  (A copy of the Pickens County tax receipts is attached as "Exhibit 198.")

254.   The Stewart property is identified by the Pickens County Assessors' Office as parcel number 5009-08-98-8481.  (A copy of the Assessors' Parcel Records for this property is attached as "Exhibit 199" and a copy of the Assessors' Parcel Map is attached as "Exhibit 200.")

LDR/411631.1

Janie Frances Welborn

255.    Janie Frances Welborn is a citizen of the United States and the State of South Carolina.

256.    Ms. Welborn acquired property in Pickens County on August 31, 2007 by that deed recorded in the Pickens County Recorder of Deeds' Office in Book 1135, Page 178 (the "Welborn Property").  (A copy of this deed is attached as "Exhibit 201.")

257.    The Welborn Property abuts and underlies the former Pickens Railway line, which is now subject to an easement for an interim public-access trail and possible future railroad reactivation.

258.    Ms. Welborn owned this property on October 26, 2012.  (A copy of the Pickens County tax receipts for 2011 and 2012 are attached as "Exhibit 202.")

259.    The Welborn property is identified by the Pickens County Assessors' Office as parcel number 4191-10-35-2790.  (A copy of the Assessors' Parcel Records for this property is attached as "Exhibit 203" and a copy of the Assessors' Parcel Map is attached as "Exhibit 204.")

Corinne Williams, Coker O'Brien Watson, and Maria Watson Penagos

260.    Corinne Williams, Coker O'Brien Watson, and Maria Watson Penagos are citizens of the United States.

261.    Ms. Williams, Mr. Watson, and Ms. Penagos acquired property in Pickens County on October 27, 2010 by that deed recorded in the Pickens County Recorder of Deeds' Office in Book 1351, Page 213 (the "Williams-Watson-Penagos Property").  (A copy of this deed is attached as "Exhibit 205.")

262.    The Williams-Watson-Penagos Property abuts and underlies the former Pickens Railway line, which is now subject to an easement for an interim public-access trail and possible future railroad reactivation.

263.    Ms. Williams, Mr. Watson, and Ms. Penagos owned this property on October 26, 2012.  (A copy of the Pickens County tax receipts for 2011 and 2012 are attached as "Exhibit 206.")

264.    The Williams-Watson-Penagos property is identified by the Pickens County Assessors' Office as parcel numbers 5019-10-27-5085 and 5019-09-27-3133.  (A copy of the Assessors' Parcel Records for this property is attached as "Exhibit 207" and a copy of the Assessors' Parcel Maps is attached as "Exhibit 208.")

Judi Williams on behalf of Joseph C. and Judi Williams

265.    Judi Williams is a citizen of the United States and the State of South Carolina.

266.    Judi Williams was married to Joseph C. Williams in 1966.

267.    Mr. and Mrs. Williams acquired property in Pickens County on June 1, 1978 by that deed recorded in the Pickens County Recorder of Deeds' Office in Book 13-L, Page 25 (the "Judi Williams Property").  (A copy of this deed is attached as "Exhibit 209.")

268.    The Property abuts and underlies the former Pickens Railway line, which is now subject to an easement for an interim public-access trail and possible future railroad reactivation.

269.    Mr. Williams passed away on April 15, 2012.  Under South Carolina law, Mrs. Williams acquired her husband's interest in the property.

270.    Mrs. Williams owned this property on October 26, 2012.  (A copy of the Pickens County tax receipts for 2011 and 2012 are attached as "Exhibit 210.")  (These tax records are still in the name for Mr. Williams.)

271.    The Judi Williams property is identified by the Pickens County Assessors' Office as parcel number 4191-10-35-9804.  (A copy of the Assessors' Parcel Records for this property is attached as "Exhibit 211" and a copy of the Assessors' Parcel Map is attached as "Exhibit 212.")

Ella Mae Wise

272.    Ella Mae Wise is a citizen of the United States and the State of South Carolina.

273.    Ms. Wise and her brother, Horace Vaughn, acquired property in Pickens County on February 19, 1999 by that deed recorded in the Pickens County Recorder of Deeds' Office in Book 472, Page 7 (the "Wise Property").  (A copy of this deed is attached as "Exhibit 213.")

274.    The Property abuts and underlies the former Pickens Railway line, which is now subject to an easement for an interim public-access trail and possible future railroad reactivation.

275.    Mr. Vaughn has passed away.

276.    Ms. Wise owned this property on October 26, 2012.  (A copy of the Pickens County tax receipts for 2011 and 2012 are attached as "Exhibit 214.")

277.    The Wise property is identified by the Pickens County Assessors' Office as parcel number 4191-10-46-5248.  (A copy of the Assessors' Parcel Records for this property is attached as "Exhibit 215" and a copy of the Assessors' Parcel Map is attached as "Exhibit 216.")

Richard Woody

278.    Richard Woody is a citizen of the United States and the State of South Carolina.

279.    Mr. Woody acquired property in Pickens County on May 13, 2009 by that deed recorded in the Pickens County Recorder of Deeds' Office in Book 1257, Page 326 (the "Woody Property").  (A copy of this deed is attached as "Exhibit 217.")

280.   The Woody Property abuts and underlies the former Pickens Railway line, which is now subject to an easement for an interim public-access trail and possible future railroad reactivation.

281.   Mr. Woody owned this property on October 26, 2012.  (A copy of the Pickens County tax receipts for 2011 and 2012 are attached as "Exhibit 218.")

282.   The Woody property is identified by the Pickens County Assessors' Office as parcel number 5100-14-44-3524.  (A copy of the Assessors' Parcel Records for this property is attached as "Exhibit 219" and a copy of the Assessors' Parcel Map is attached as "Exhibit 220.")

Putative Class Members

283.   These Plaintiffs bring this action individually and as the champions and representatives of their similarly situated Pickens County, South Carolina property owners whose land was also subject to the October 26, 2012 NITU.

## THE TRAILS ACT IS A TAKING OF PLAINTIFFS' PROPERTY BY THE FEDERAL GOVERNMENT

284.   Part of the property owned in fee by Plaintiffs was formerly subject to an easement for railway purposes.

285.   The easement did not provide the Pickens Railroad, or any other person or entity, the right to use Plaintiffs' property for a public-access recreational trail.

286.   The South Carolina state courts, as well as the STB, have recognized that under South Carolina law the easement granted to the Pickens Railroad and its successors-in-interest is not a grant of fee title but only an easement for use of the property to operate a railroad.  *See Eldridge v. Greenwood*, 331 S.C. 398, 417-22 (Ct. App. 1998); *Goldman v. RBC, Inc.*, 369 S.C. 462 (2006); *Faulkenberry v. Norfolk Southern Railway Co.*, 349 S.C. 318 (2002); *Waring v. Cheraw and Darlington Ry.*, 16 S.C. 416 (1882); *Immanuel Baptist Church v. Barnes*, 274 S.C.

125, 264 S.E.2d 142 (1980); *Saluda Motor Lines v. Crouch*, 300 S.C. 43, 386 S.E.2d 290 (Ct.App.1989); and *Palmetto Conservation Foundation v. Smith*, 642 F. Supp. 2d 518 (D.S.C. 2009).

287.    When the railroad abandoned operation of a railroad over the property upon which the right-of-way easement has been granted, the property "reverts" to the fee owner and the fee owner's property is unencumbered by any easement for current or future railroad use. *Id.*

288.    The Trails Act allows the conversion of abandoned railroad rights-of-way for use as interim public-access recreational trails and preserves the right-of-way for possible future reactivation as a railroad.

289.    The Trails Act further provides that such conversion to trail use "shall not be treated, for purposes of any law or rule of law, as an abandonment of the use of such rights-of-way for railroad purposes" 16 U.S.C. § 1247 (d).

290.    Prior to the NITU, Plaintiffs' property had never – at any time – been subject to an easement allowing the public to use Plaintiffs' property for a recreational trail.

291.    Plaintiffs' property has never been subject to a general right of the public to cross or make use of their property for any purpose.

292.    Any easement for operation of a railroad across Plaintiffs' property had been abandoned and Plaintiffs enjoyed under South Carolina law the right to use and occupy their property free of any present or future easement for operation of a railroad across their land.

293.    The federal government, through operation of the Trails Act and issuance of the NITU has: (a) forestalled or taken from Plaintiffs' state law "reversionary" right to their property; (b) appropriated an easement across Plaintiffs' property for an interim public-access recreational trail, and (c) appropriated an easement for a potential future railroad right-of-way

across Plaintiffs' property and has taken from Plaintiffs the rights they enjoy under South Carolina law to the exclusive use and physical occupation of their land.

294.     Pursuant to the decision of the Federal Circuit in *Caldwell v. United States*, 391 F.3d 1226 (Fed. Cir. 2004) and *Barclay v. United States*, 443 F.3d 1368 (Fed. Cir. 2006), this taking of Plaintiffs' property occurred when the STB issued the NITU on October 26, 2012.

295.     According to the Federal Circuit, the date upon which the value of the property taken from Plaintiff is to be established is the date of the NITU, October 26, 2012.

296.     The United States has neither instituted any condemnation proceeding against Plaintiffs, nor paid, nor offered to pay, Plaintiffs for the property taken from them.

## SPECIFIC CLAIM FOR RELIEF

## COUNT ONE

### A Claim For "Just Compensation" For
### The Permanent Physical Taking of Plaintiffs' Property Subject to the NITU

297.     Plaintiffs hereby re-allege and incorporate by reference the allegations set forth in paragraphs 1 - 296 of this Complaint.

298.     The United States of America is a republic and the actions and laws of the federal government are subject to the Constitution of the United States.

299.     The Fifth Amendment to the Constitution of the United States, "No person shall be . . . deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation."

300.     The Fifth Amendment prohibits the United States from taking private property from a citizen without paying that citizen "just compensation."

301.     The Fifth Amendment requirement of paying "just compensation" to a property owner from whom the government takes property includes the obligation of the government to

LDR/411631.1

pay the property owner: (a) the fair market value for the property taken as of the date it was appropriated by the federal government — this fair market value includes not only the value of the land actually physically confiscated but also any "severance damages" or loss in value to the property owner's entire parcel caused by the government's taking, (b) payment of an additional amount of delay damages necessary to compensate the property owner for the government's delay in paying the property owner "just compensation."

302.    According to the Federal Circuit, the "date of taking" upon which the government's obligation to pay delay damages begins to run is the date of the NITU, which in this case is October 26, 2012.

303.    The Tucker Act, 28 U.S.C. § 1491(a)(1) provides in relevant part, "The United States Court of Federal Claims shall have jurisdiction to render judgment on any claim against the United States founded upon the Constitution."

304.    The Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, 42 U.S.C. § 4654 (c) provides that just compensation includes, "reasonable costs, disbursements and expenses, including reasonable attorney, appraisal and engineering fees, actually incurred because of [the] proceeding."

305.    The actions of the United States have resulted in the taking of Plaintiffs' property, by reason of the direct physical taking of Plaintiffs' property and by reason of the damage to Plaintiffs' remaining adjacent property which has suffered a loss of privacy and other severance damages as a result of the proximity of the public on the adjoining trail. The remaining property is also less valuable by reason of being perpetually encumbered by an elevated easement for trail use and possible future railroad use.

LDR/411631.1

**THIS IS A CLASS ACTION BY THE NAMED PLAINTIFFS ON THEIR OWN BEHALF AND AS REPRESENTATIVES AND CHAMPIONS FOR SIMILARLY SITUATED PICKENS COUNTY, SOUTH CAROLINA LANDOWNERS**

306.    Plaintiffs request that this action be certified as a representative class action pursuant to RCFC 23, and that they be named class representatives on behalf of similarly situated Pickens County, South Carolina landowners.

307.    This action satisfies the procedural requirement of RCFC 23 because:  (a) the class is so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the class; (c) the claims of the named Plaintiffs are typical of the claims of the class; and (d) the named Plaintiffs and their counsel will fairly and adequately protect the interests of the class.

**SPECIFIC RELIEF REQUESTED**

Plaintiffs respectfully request a judgment in their favor as follows:

1.    Certifying that this action may be maintained as a class action on behalf of all Pickens County, South Carolina landowners whose property or "reversionary" interest in their property was subject to the NITU issued October 26, 2012.

2.    Awarding Plaintiffs the full fair-market value of the property taken by the government on the date it was taken (including any "severance damages" suffered by Plaintiffs in loss of value to Plaintiffs' remaining property not actually physically taken but affected by the taking);

3.    Compensation for the delay between the date of the government's taking of Plaintiffs' property (which is the date of the original NITU according to the Federal Circuit's opinion in *Caldwell v. United States*, 319 F.3d 1226 (Fed. Cir. 2004)) and the actual date when the government finally pays "just compensation" to Plaintiffs;

49

4.      Paying Plaintiffs' costs and attorneys' fees incurred pursuant to The Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, 42 U.S.C. §4654(c) (2000) which provides that just compensation includes, "reasonable costs, disbursements and expenses, including reasonable attorney, appraisal and engineering fees, actually incurred because of [the] proceeding."

5.      Such further relief as this Court may deem just and proper.

Date: 5/7/13

Respectfully submitted,

**ARENT FOX, LLP**

Mark F. ("Thor") Hearne, II
Lindsay S.C. Brinton
Meghan S. Largent
112 South Hanley Road, Suite 200
Clayton, MO 63105
Phone: (314) 721-0219
Fax:    (202) 857-6395
thornet@ix.netcom.com
brinton.lindsay@arentfox.com
largent.meghan@arentfox.com

1050 Connecticut Avenue, NW
Washington, DC 20036-5339
Phone: (202) 857-6000

Debra J. Albin-Riley
Arent Fox, LLP
555 West Fifth Street, 48th Floor
Los Angeles, CA 90013
Phone: (213) 629-7400
Fax:    (213) 629-7401
riley.debra@arentfox.com

***Attorneys for Plaintiff***